# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **SCOTT HAMPTON,** | : | |
| Petitioner, | : | Case No. 2:07-cv-747 |
| v. | : | Judge Holschuh |
| **ERNIE MOORE, Warden,** | : | Magistrate Judge King |
| Respondent. | : | |
| | : | |

## MEMORANDUM OPINION & ORDER

On August 28, 2008, the Magistrate Judge issued a Report and Recommendation (the "Report") recommending that the instant petition for a writ of habeas corpus be dismissed under 28 U.S.C. § 2254. Petitioner, Scott Hampton, has filed objections to the Magistrate Judge's Report. For the following reasons, two of Petitioner's objections are **SUSTAINED**. The first of those objections relates to the Magistrate Judge's conclusion that the prosecutor in Petitioner's first trial could not have foreseen a credibility attack on a key witness, Jessica Davis, based on the date she contacted the police. (Report p. 24.) The second relates to the Magistrate Judge's statement that the state appellate court's decision on Petitioner's intentional goading argument is presumptively correct. (Report p. 17.) The rest of Petitioner's objections are **OVERRULED**. Despite his two successful objections, the record still does not support Petitioner's argument that the prosecutor intentionally provoked him into seeking a mistrial. Therefore, the portions of the Report consistent with this opinion, including the Magistrate Judge's ultimate finding that the Double Jeopardy Clause of the Fifth Amendment did not bar Petitioner's retrial, are **ADOPTED** and **AFFIRMED**. This action is **DISMISSED**.

**I.     Background**

Petitioner objects to all of the Magistrate Judge's conclusions and recommendations, and raises all of the same arguments he previously presented. He first contends that the Magistrate Judge improperly analyzed, under <u>Oregon v. Kennedy</u>, the sequence of events leading up to the mistrial that reflects, Petitioner argues, the prosecutor's intent to provoke a mistrial. 456 U.S. 667, 676-79 (1982). According to Petitioner, the Magistrate Judge, in violation of <u>Kennedy</u>, selectively analyzed his sequence of events arguments in a piece-meal fashion, failing to consider how all his arguments, when viewed together, support a finding that the prosecutor goaded him into seeking a mistrial. <u>See id.</u> Petitioner next objects to the Magistrate Judge's conclusion that although the prosecution may have anticipated Petitioner's attempt to impeach the credibility of its key witness, the prosecutor could not have anticipated that Petitioner would do so by raising an issue about the date Davis first contacted the police. Petitioner argues that any reasonable prosecutor would anticipate a credibility attack on a key witness based on her alleged four-month delay in reporting the defendant to the police. Finally, Petitioner contends that the Magistrate Judge applied an overly deferential standard of review under the Antiterrorism and Effective Death Penalty Act to the state court's decision rejecting Petitioner's claim on the merits. <u>See</u> 28 U.S.C. §§ 2254(d)-(e). Specifically, Petitioner takes issue with the Magistrate Judge's statement that the state appellate court's decision rejecting his intentional goading argument is presumptively correct.

This Court has reviewed, under 28 U.S.C. § 636(b), the Magistrate Judge's Report *de novo*. The Court finds that two of Petitioner's objections to the Report, as discussed below, are sustained. Nevertheless, the Court has carefully considered the entire record, and agrees with the

Magistrate Judge's conclusion that it fails to support Petitioner's argument that the prosecutor intentionally goaded him into requesting a mistrial. The Court also agrees that the state court's decision denying Petitioner's double jeopardy claim was consistent with federal law and was based on a reasonable determination of the facts in light of the evidence presented. See 28 U.S.C. §§ 2254(d)-(e).

**II.     Objection regarding the foreseeability of a credibility attack on Davis**

Petitioner objects to the Magistrate Judge's conclusion that the prosecutor could not have foreseen an attack on Davis's credibility based on the date she contacted the police. According to Petitioner, since Davis was a key witness, any reasonable prosecutor would have anticipated and prepared for the inevitable attack on Davis's credibility based on her alleged four-month delay in reporting Petitioner's involvement in the crimes to the police. The Court agrees.

In preparation for trial, a reasonable, competent prosecutor would foresee the attack on Davis's credibility looming at trial based on her alleged four-month delay in reporting Petitioner to the police. Because Davis was the key witness to the State's case, the prosecutor clearly would have been aware of Davis's vulnerability to a credibility attack. This awareness would have been heightened still by the evidence suggesting that an intimate relationship between Davis and Petitioner went awry during those months. The Court has no problem inferring from these facts that the prosecutor could foresee Petitioner's strategy at trial of discrediting the key witness based on a long delay in going to the police.

The reasonable prosecutor would also recognize the impact the undisclosed evidence would have on Petitioner's trial strategy. Had Petitioner known that Davis in fact had visited the police for the first time only two days after the crimes to view a photo array, he never would

3

have framed his opening statement around a four-month delay. By failing to disclose this evidence, along with the previously undiscovered statement given to police by Petitioner, the prosecutor in this case was at best negligent, and at worst, engaged in deliberate misconduct. The prosecution was negligent in failing to discover, prior to trial, from the police or from its key witness that Davis had conferred with the police not four months after the crimes but only two days after the crimes. If the prosecutor in fact had this evidence prior to trial and did not disclose it until after the first day of trial, the prosecution wilfully violated its duty to disclose. But the prosecutor's failure, whether negligent or deliberate, to disclose the evidence of the earlier police visit, despite the importance of that evidence as it affects the credibility of the state's key witness, does not establish that Petitioner was goaded into seeking a mistrial.

To prove that the prosecutor goaded him into seeking a mistrial, creating a double jeopardy bar to his retrial, Petitioner must show that the sequence of events leading up to the mistrial gives rise to the reasonable inference that the prosecutor harbored an improper intent to terminate the trial. Oregon v. Kennedy, 456 U.S. 667, 676-79 (1982). The only relevant intent is the intent to terminate the trial, not the intent to get a conviction by impermissible means. Id.; United States v. Barnwell, 2008 WL 2447133, *7 (E.D. Mich. June 18, 2008) (citing United States v. Oseni, 996 F.2d 186, 188 (7th Cir. 1993)); United States v. Gonzalez, 248 F.3d 1201, 1204 (10th Cir. 2001).

The record does not support Petitioner's contention that the prosecutor disclosed the evidence of Davis's earlier contact with the police to provoke Petitioner into moving for a mistrial. See Kennedy, 456 U.S. at 676-79. The prosecutor had no motive to provoke a mistrial. The question of Davis's credibility created by an alleged four-month delay in reporting to the

police was central to Petitioner's defense.  And the prosecution had all the evidence it needed to put that question to bed.  The prosecutor could have preempted Petitioner's all-important credibility attack by putting Davis on the stand to explain that she went to the police two days after the robberies, not four months later as proposed by Petitioner.  Instead, the prosecutor disclosed prior to Davis's testimony that Davis viewed a police photo array just days after the robberies, along with the newly discovered taped statement by Petitioner.  Even then, the prosecutor indicated a willingness not to use the photo array or the taped statement against Petitioner in an effort to avoid a mistrial.

Petitioner's contention that the prosecution disclosed the evidence because its case was on the ropes is unsupportable.  As the Magistrate Judge points out, because Davis "had not yet testified when the trial court declared the mistrial, any lack of evidence at that time establishing Petitioner's involvement in the crimes charged does not establish the prosecutor's intent to provoke the mistrial."  (Report p. 22.)  Petitioner's argument might have merit if the prosecutor disclosed the evidence after Davis testified and failed to establish Petitioner's involvement in the crimes.  The argument might also have merit if the prosecutor disclosed the evidence after Petitioner successfully eroded Davis's credibility on cross-examination to the point where acquittal of the Petitioner seemed likely.  But the prosecutor disclosed the evidence before Davis even took the stand.  Moreover, that the prosecution objected to the mistrial, even if it did so after the mistrial was declared, supports the inference that the prosecution did not intend its disclosure to terminate the case.  Taking the entire sequence of events into account, the Court finds that Petitioner has failed to establish that the prosecutor intentionally goaded him into seeking a mistrial.  Therefore, Petitioner's retrial was not barred by the Double Jeopardy Clause

5

of the Fifth Amendment.  See Kennedy, 456 U.S. at 676-79.

III.    **Objection to the presumption that the state court's decision is correct**

Petitioner also objects to the Magistrate Judge's statement that, regarding his intentional goading argument, "the decision of the state appellate court is presumed to be correct." (Report p. 17.)  According to Petitioner, this standard is overly deferential to the state appellate court. The Court agrees.

This Court held, in Colvin v. Sheets, No. 2:06-cv-681, 2008 WL 4065807, at *13 (S.D. Ohio Aug. 25, 2008), that the state appellate court's decision, under 28 U.S.C. §§ 2254(d)-(e), is not presumed to be correct.  See also Miller-El v. Cockrell, 537 U.S. 322, 341 (2003).  "The presumption in § 2254(e)(1) is not a presumption that the state appellate court's decision is presumed to be correct.  It is a presumption that is limited to the state court's determination of a factual issue." Colvin, 2008 WL at *13.

The Magistrate Judge, probably inadvertently, said that the state appellate court's decision is presumptively correct.  The presumption of correctness only applies if the state appellate court's finding that Petitioner was not intentionally goaded into seeking a mistrial was "a determination of a factual issue."  See 28 U.S.C. §§ 2254(d)-(e).  If the question of whether Petitioner was goaded into seeking a mistrial is a question of law or a mixed question of law and fact, the presumption does not apply.  See id.; Colvin, 2008 WL at *13.  Regardless of the outcome of that inquiry, however, Petitioner's intentional goading argument fails.  As explained above, without deferring at all to the state appellate court's decision, the record fails to support Petitioner's intentional goading argument.  The sequence of events leading up to the mistrial does not give rise to the inference that the prosecutor disclosed the evidence to provoke

6

Petitioner into seeking a mistrial. See Kennedy, 456 U.S. at 676-79. Therefore, the Magistrate Judge ultimately found correctly that Petitioner's retrial was not barred by the Double Jeopardy Clause of the Fifth Amendment. See id.

## IV. Conclusion

For the reasons stated above, two of Petitioner's objections are **SUSTAINED** and the rest are **OVERRULED**. The Court has carefully considered the entire record, and upon such review, agrees with the Magistrate Judge's conclusion that the record fails to support Petitioner's intentional goading argument. Petitioner has failed to show that the state court's decision denying his claim was contrary to or involved an unreasonable application of federal law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented, to warrant federal habeas corpus relief. See 28 U.S.C. §§2254(d)-(e); Williams v. Taylor, 529 U.S. 362 (2000). Therefore, the portions of the Report consistent with this opinion, including the Magistrate Judge's ultimate finding that Petitioner's retrial was not barred by the Double Jeopardy Clause of the Fifth Amendment, are **ADOPTED** and **AFFIRMED**. This action is **DISMISSED**.

**IT IS SO ORDERED**.

Date: October 27, 2008  **/s/ John D. Holschuh**
John D. Holschuh, Judge
United States District Court